UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFREY RICARD                                                    CIVIL ACTION

VERSUS                                                            NO. 16-663-BAJ-RLB

STARR INDEMNITY AND LIABILITY
COMPANY, ET AL.

# NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 29, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEFFREY RICARD**                                              **CIVIL ACTION**

**VERSUS**                                                      **NO. 16-663-BAJ-RLB**

**STARR INDEMNITY AND LIABILITY**
**COMPANY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 5). The motion is opposed. (R. Doc. 6). Plaintiff has filed a Reply. (R. Doc. 10). Defendants have filed a Surreply. (R. Doc. 14).

**I.    Background**

Jeffrey Ricard ("Plaintiff") filed this personal injury suit on March 11, 2016 in the 18th Judicial District Court, Iberville Parish, Louisiana. (R. Doc. 1-3 at 6-9, "Petition"). Plaintiff alleges that while travelling in his vehicle, he was struck by a vehicle operated by defendant Marcus Cook. (Petition, ¶¶ 2-5). Plaintiff alleges that at the time of the accident, Marcus Cook was in the course and scope of his employment with defendant Prowler Super Holding Corporation ("Prowler") and/or Pipeline Supply and Services, L.L.C. ("Pipeline"). (Petition, ¶ 7). Plaintiff further alleges that Starr Indemnity and Liability Company ("Starr") provides automobile insurance coverage to Prowler and/or Pipeline, and that State Farm Mutual Automobile Insurance Company ("State Farm") provides "a policy of medical payments coverage" to Prowler and/or Pipeline. (Petition, ¶¶ 8-9).

Plaintiff seeks recovery for physical pain, suffering, and anguish; mental anguish; loss of enjoyment of life; disfigurement and disability; medical expenses; lost wages; loss of earning capacity; and property damage. (Petition, ¶ 6).

1

On May 20, 2016, Plaintiff responded to Starr, Pipeline, and Marcus Cook's ("Defendants")[1] request that he stipulate that his "special and general damages will exceed $75,000 at trial" by stating that he "does not currently believe his claim exceeds $75,000.00, inclusive of general and special damages." (R. Doc. 1-4 at 11-12). Plaintiff also provided an evasive response to a request for admission when he "denied as written" a request that he admit or deny that his alleged damages exceed $75,000.00 on the basis that Plaintiff "had not made an allegation of his amount of damages." (R. Doc. 1-4 at 19).

On June 2, 2016, Defendants informed Plaintiff that the policy issued by Starr has a $1 million policy limit. (R. Doc. 1-2 at 8).

On September 23, 2016, Plaintiff's counsel sent defense counsel a settlement demand with supporting documentation. (R. Doc. 6-2). The demand stated, among other things, that Plaintiff "has agreed to accept the available policy limits in exchange for a complete release . . . ." (R. Doc. 6-2 at 3).

On October 5, 2016, Defendants removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Defendants allege that the amount in controversy requirement is satisfied because Plaintiff has demanded $1 million to settle his claims. (R. Doc. 1 at 3). In an Amended Notice of Removal, Defendants assert that there is complete diversity between the parties as Plaintiff is a citizen of Louisiana, Starr is a citizen of Texas and New York; Prowler is a citizen of Delaware and New York; Pipeline is a citizen of Texas; Marcus Cook is a citizen of Texas; and State Farm is a citizen of Illinois. (R. Doc. 4 at 2-3).

On November 10, 2016, Plaintiff filed the instant Motion to Remand, asserting that Court lacks diversity jurisdiction as the amount in controversy requirement is not satisfied. (R. Doc. 5).

---

[1] Prowler and State Farm have not made an appearance in this action.

2

## II.     Arguments of the Parties

In support of remand, Plaintiff argues that Defendants have not established that the amount in controversy is satisfied because (1) the policy limits do not control the amount in controversy and (2) Plaintiff specifically denied that his damages exceed $75,000 in response to a request for admission. (R. Doc. 5-1 at 4).  Plaintiff further argues that because the pre-removal settlement demand does not offer to settle his claims for a specific amount, and did not include case law supporting a claim that his alleged damages exceed the amount in controversy, it does not favor a finding of jurisdiction. (R. Doc. 5-1 at 6).

In opposition, Defendants argue that the amount in controversy requirement has been satisfied in light of Plaintiff's pre-removal settlement demand for the policy limits. (R. Doc. 6 at 4-5).  Defendants further argue that the damages asserted by Plaintiff support a finding that the settlement demand (which Defendants characterize as a demand for $1 million) reflects Plaintiff's honest assessment of his claims and otherwise is consistent with case law denying remand under similar facts. (R. Doc. 6 at 6-7).  Defendants also reference state court decisions in which plaintiffs recovered more than $75,000 for injuries that Defendants claim are similar to those alleged by Plaintiff. (R. Doc. 6 at 8-9).

In reply, Plaintiff submits a stipulation providing that his claim does not exceed $75,000 and that he will not seek or accept any judgment in State Court which exceeds $75,000, exclusive of interest and costs. (R. Doc. 10-1).

In surreply, Defendants argue, among other things, that Plaintiff's post-removal stipulation does not divest the Court of jurisdiction. (R. Doc. 14 at 1).

**III.   Law and Analysis**

    **A.**   **Legal Standards**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

    If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).  The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta*

4

*Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The Court will first consider whether it is facially apparent from the Petition that Plaintiff's claims likely exceed $75,000. If not, the Court will then look to the facts in controversy that may support a finding of the jurisdictional minimum.

### B. Whether the Amount in Controversy is Facially Apparent

Consistent with state law, Plaintiff does not demand recovery of a specific amount in the Petition. Instead, Plaintiff alleges broad categories of damage, including physical pain, suffering, and anguish; mental anguish; loss of enjoyment of life; disfigurement and disability; medical expenses; lost wages; loss of earning capacity; and property damage. (Petition, ¶ 6). The Petition does not provide any facts for determining the severity of the injuries or property damage other than the unsupported categories of damages alleged. Furthermore, the Petition does not reference the applicable policy limit or that Plaintiff is seeking to recover that amount.

Based on the foregoing, the court concludes that the amount in controversy is not facially apparent.

### C.  Whether Defendants Have Established that the Amount in Controversy is Satisfied

Because the amount in controversy is not facially apparent, the Court will consider whether Defendants set forth any facts in controversy, or submitted summary judgment type evidence, that support a finding of the jurisdictional minimum.

This Court has previously held that the amount sought in a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995).[2]  While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, "it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Huston,* 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (citing *Pollet v. Sears Roebuck and Co.*, 46 Fed. App'x. 226 (5th Cir. 2002); *Hartford Insurance Group v. Lou–Con Inc.*, 293 F. 3d 908 (5th Cir. 2002); *Wilson v. Belin,*

---

[2] All federal courts in Louisiana have relied upon and cited *Fairchild* for the proposition that pre-petition settlement letters are "valuable evidence" for determining the amount in controversy if that amount is not facially apparent. *See*, *e.g.*, *Leonard v. Sentry Select Ins. Co.*, No. CV 15-675-JJB-RLB, 2016 WL 1393382 (M.D. La. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1369397 (M.D. La. Apr. 6, 2016) (denying remand where the plaintiff demanded $215,000 in pre-removal settlement demand and $72,500 in post-removal settlement demand); *Kimble v. Am. First Ins. Co.*, No. 14-67, 2014 WL 1761556 (M.D. La. Apr. 28, 2014) (denying remand where settlement demand sought exhaustion of policy limits of $100,000 and referenced allegedly similar cases, all of which had damage awards in amounts greater than $100,000, and subsequent settlement demand was for $95,000); *Broussard v. Celebration Station Properties, Inc.,* No. 13-531, 2014 WL 1402144, at *5 (M.D. La. Apr. 10, 2014) (denying remand where settlement letter demanding $85,000 was found to be "an honest assessment of a reasonable settlement value of the case"); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n. 8 (M.D. La. 2010) (granting remand where the confidential pre-petition settlement letter clarified that the jurisdictional amount was not satisfied); *Daniels v. Metro. Prop. & Cas. Ins. Co.*, No. 03-1900, 2003 WL 22038371, at *3 (E.D. La. Aug. 25, 2003) (denying remand where plaintiff's counsel evaluated the claim at $150,000 in settlement demand letter); *Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at *2-3 (E.D. La. July 10, 2013) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *Soileau v. Louisville Ladder Inc.,* No. 08-385, 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392.37).

6

20 F.3d 644, 651 n. 8 (5th Cir. 1994)). Accordingly, the Court will consider whether Plaintiff's pre-removal settlement demand in this case evidences that the amount in controversy requirement was satisfied at the time of removal.[3]

On September 23, 2016, Plaintiff's counsel sent defense counsel a settlement demand with supporting documentation. (R. Doc. 6-2). The demand explained that Plaintiff went to the emergency room on the day of the accident with complaints of back pain, and was observed to have tenderness to the mid lower lumbar region. (R. Doc. 1-1 at 1). Subsequent MRIs revealed disc bulging at C4-C6, L3-L4, and L4-L5, tight right foramen stenosis at C3-C4, facet arthopathy at multiple levels, and a suspected tear of the superior labrum. (R. Doc. 1-1 at 2). Plaintiff was eventually referred for C3-C4 and C4-C5 left-sided facet injections. (R. Doc. 1-1 at 2).

The settlement demand indicated that through April 22, 2016, Plaintiff had incurred $6,808.96 in medical expenses and that the expected cost of the future medical expenses (consisting of the facet injections) would amount to $6,310.00. (R. Doc. 1-1 at 2-3). The demand stated that "[g]iven the above mentioned injuries, medical treatment and medical expenses, Jeffery Ricard has agreed to accept the available policy limits in exchange for a complete release . . . ." (R. Doc. 1-1 at 3). Although the settlement offer referenced the policy limits, it did not provide any specific amount.[4] At the time the demand was made, however, Plaintiff had been

---

[3] In the context of determining whether removal is timely, a post-petition, pre-removal settlement demand letter may constitute an "other paper" pursuant to § 1446(b)(3) so long as it is "not plainly a sham" and resulted from a "voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *See Addo v. Globe Life and Accident Insurance Co.*, 230 F.3d 759, 762 (5th Cir. 2000). The timeliness of removal has not been raised by any party and thus the Court is only looking to the settlement demand as evidence of the amount in controversy.

[4] There is no dispute that the policy limits in any given insurance policy do not necessarily control the amount in controversy. Instead, it is the value of the claim for coverage under the insurance policy, not the value of the underlying policy, which determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Lewis v. Lexington Ins. Co.*, No. 07-8295, 2008 WL 4862034, at *2 (E.D. La. Nov. 6, 2008).

7

informed by Defendants that the policy issued by Starr has a $1 million policy limit. (R. Doc. 1-2 at 8).

Defendants nevertheless argue that given that Plaintiff "agreed to accept the available policy limits in exchange for a complete release," Plaintiff has demanded $1 million to settle his claims, and Plaintiff's demand demonstrates that the jurisdictional amount is satisfied. Neither party has directed the Court to a copy of the applicable insurance policy describing the $1 million policy limit. Even assuming that the $1 million policy limit is applicable to the nature and extent of damages alleged by Plaintiff, and further assuming that Plaintiff made a demand for that amount, the Court concludes that a $1 million demand based on Plaintiff's injuries is not an honest assessment of a reasonable settlement value of the case. The settlement offer provided no explanation, analysis or assessment, legal or otherwise, regarding the remaining categories of damages (other than past and future medicals) and how those support a valuation of over $980,000. The settlement demand provides no basis for such a valuation. The removing Defendants point to no factual or legal support for such a position. Accordingly, the pre-removal settlement demand in this action carries little, if any, weight in determining the actual amount in controversy in this action.

Having considered the summary judgment type evidence in the record, the Court concludes that Defendants have not demonstrated that the amount in controversy requirement is satisfied. Plaintiff's demand and medical records do not indicate that Plaintiff has suffered any disc herniation, must less that he is a candidate for surgery.[5] The medical records submitted in

---

[5] This court recognizes that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended." *Robinson v. Kmart Corp.*, No. 11-12, 2011 WL 2790192, at *4 n.4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted*, 2011 WL 2937952 (M.D. La. July 14, 2011). Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See, e.g., Hebert v. Hanco Nat.*

8

support of Plaintiff's settlement demand do not support a finding that the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants have provided no additional information demonstrating that Plaintiff's non-physical injury allegations (including property damage and lost wages) support a finding that the amount in controversy requirement is satisfied.

Moreover, Plaintiff has submitted a post-removal stipulation waiving his right to accept a judgment over $75,000 in state court. (R. Doc. 10-1).[6] The Fifth Circuit has endorsed a narrow situation in which a unilateral post-removal stipulation can clarify that the amount in controversy is not satisfied where the following three elements have been met: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $[75],000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993) (quoting *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993)); *see also McGlynn v. Huston*, 693

---

*Ins. Co.*, No. 07-362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10-53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbrosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000). That said, the potential award of general damages where herniated discs are alleged and the plaintiff has not undergone surgery is significant, and courts have found the amount in controversy satisfied where such allegations are made. *See*, *e.g.*, *Reeves v. TPI Restaurants, Inc.*, No. 05-1778, 2007 WL 1308380, at *2 (W.D. La. Apr. 13, 2007), *report and recommendation adopted*, ECF No. 26 (W.D. La. May 3, 2007); *McDonald v. Target Corp. of Minn.*, No. 11-598, 2011 WL 2160495, at *1 (E.D. La. June 1, 2011).

[6] "Because Louisiana plaintiffs are not limited to recovery of the damages listed in their pleadings, a plaintiff must make a judicial confession by affirmatively waiving the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Griffin v. Georgia Gulf Lake Charles, LLC*, 562 F. Supp. 2d 775, 779 (W.D. La. 2008) (citing La. C.C. Art. 1853; La. C.C.P. art 862).

F. Supp. 2d 585, 596 (M.D. La. 2010) (considering post-removal affidavit regarding the amount in controversy where defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

Here, the amount in controversy is not facially apparent and Plaintiff timely contested removal with a sworn, unrebutted affidavit. Plaintiff has waived his right to accept any amount that meets the jurisdictional minimum in a binding stipulation. The Court need not determine whether the narrow grounds announced in the *ANPAC* decision are satisfied in full. It is sufficient for the Court to find that given the record, Plaintiff's post-removal stipulation provides additional support for a finding that the amount in controversy is not satisfied.[7]

The Court recognizes that the instant dispute exists primarily due to Plaintiff's evasive response to a straightforward request for admission and a settlement demand that clearly does not

---

[7] In support of a finding that the amount in controversy requirement is satisfied, Defendants rely upon *Haydel v. State Farm Mut. Aut. Ins. Co.*, No. 07-939, 2008 WL 2781472 (M.D. La. July 10, 2008). In *Haydel*, one of the plaintiffs suffered various injuries in an automobile accident including a minor disc bulge at C5-6 and lower back and neck pain. In a pre-removal demand, that plaintiff stated that he incurred medical expenses of $8,139.05 for his injuries, and demanded from defendant a "tender of the limits" under a UM policy with policy limits of $100,000 per person and $300,000 per accident. In denying remand, the court noted that the plaintiff had not argued in support of remand that the pre-removal settlement demands "were inflated or that such demands were not an honest assessment" of the recoverable damages. *Id*. at *4. The *Haydel* decision is distinguishable on various grounds. First, in the instant action, Plaintiff submitted responses to discovery requests indicating that he believed the amount in controversy to be less than $75,000. (*See* R. Doc. 1-4 at 11-12, 19). Second, Plaintiff has submitted a post-removal stipulation clarifying that the amount in controversy does not exceed $75,000. (R. Doc. 10-1; *see also McGlynn*, 693 F. Supp. 2d. at 596-97 (remand appropriate based on waiver of any right to accept more than $75,000)). Third, Defendants in this action have not provided any evidence that the asserted $1 million policy limits are applicable to Plaintiff's claims in this action. Fourth, unlike the plaintiffs in *Haydel*, the plaintiff in this action has not asserted a claim for bad faith penalties.

reflect an honest assessment of the value of Plaintiff's claims.  The Court also recognizes, however, that the pleadings in this matter and the facts at the time of removal do not establish that the amount in controversy is satisfied.  A party may not create jurisdiction simply by throwing out a settlement demand of seven figures.  As set forth above, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.

**IV.     Conclusion**

Based on the foregoing, Defendants have not met their burden of demonstrating that the amount in controversy requirement was satisfied at the time of removal, and that this Court has subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332(a).

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 5) be **GRANTED**, and the action be **REMANDED** to the 18th Judicial District Court, Iberville Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on December 29, 2016.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**