UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY RICARD | CIVIL ACTION |
| VERSUS | |
| STARR INDEMNITY & LIABILITY COMPANY, ET AL. | NO.: 16-00663-BAJ-RLB |

### RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 15)**, issued pursuant to 28 U.S.C. § 636(b)(1), addressing the **Motion to Remand (Doc. 5)** filed by Jeffrey Ricard ("Plaintiff"). In the Report and Recommendation, the Magistrate Judge recommends that the motion be granted and that this matter be remanded to the 18th Judicial District Court, Parish of Iberville, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. §1332(a). (Doc. 15 at p. 11).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72, the parties had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Marcus Cook, Pipeline Supply and Services, LLC, and Starr Indemnity & Liability Company (collectively "Defendants") timely objected to the Report and Recommendation. (Doc. 16).[1]

---

[1] Defendants State Farm Mutual Automobile Insurance Company and Prowler Super Holding Company have not made an appearance of record in this case.

1

JURY
18th JDC - Certified

Defendants assert that the Report and Recommendation is erroneous for three reasons, the first two reasons stemming from the Magistrate Judge's consideration of a pre-removal settlement demand made by Plaintiff.[2] First, Defendants contend that in evaluating how the pre-removal settlement demand factored into the amount-in-controversy analysis, the Report and Recommendation "places undue emphasis on the amount demanded and diminishes the relevance of the honest assessment of the plaintiff's claim as supporting an amount in controversy in excess of $75,000.00." (Doc. 16 at p. 1). The Court interprets this assertion to mean that Defendants object to the Magistrate Judge's affording the pre-removal settlement demand "little, if any, weight" in determining whether the jurisdictional threshold is satisfied because it referred to the $1 million actually demanded by Plaintiff and not the likely value of the underlying claim. (*See* Doc. 15 at p. 9).

To reemphasize, the amount sought in a pre-removal settlement demand is relevant evidence "when the settlement [demand] reflects an honest assessment of the value of the plaintiff's claims." *See McGlynn v. Huston*, 693 F.Supp. 2d 585, 595 n. 8 (M.D. La. 2010). Thus, in refusing to afford the settlement demand much weight, the Magistrate Judge concluded that the demand did not honestly assess the value of Plaintiff's claims and would therefore not be helpful in determining whether the amount-in-controversy requirement was satisfied. Put another way, the Court does not accept Plaintiff's $1 million settlement demand as proof that the Court has

---

[2] On September 23, 2016, Plaintiff sent a demand package to Defendants, explaining all of Plaintiff's injuries and demanding the available policy limits, which Plaintiff allegedly knew to be $1 million. (*See* Doc. 1-1; Doc. 1-2 at p. 8; Doc. 15 at p. 8).

diversity jurisdiction because the demanded amount is not supported by evidence, whether appended to the demand letter or otherwise in the record, indicating that said amount is reasonable based on the medical evidence in the record. Because the demand letter is not an honest assessment of Plaintiff's alleged claims, the Court affords it little, if any, weight in determining whether the jurisdictional amount is satisfied.

Defendants next argue that the Report and Recommendation does not consider the "compounding effect" that all of Plaintiff's alleged injuries have on the amount in controversy inquiry, "but instead only considers the claimed cervical injury [and the absence of a need for surgical intervention] in reaching the conclusion that the amount in controversy does not exist." (*Id.*). On that basis, Defendants maintain that the Report and Recommendation's analysis of the alleged injuries is incorrect. (Doc. 16 at p. 5).

The U.S. Court of Appeals for the Fifth Circuit has made clear that the removing party is legally obligated to establish that the amount in controversy has been satisfied by a preponderance of the evidence. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In this case, because the pleading requirements of the state do not permit parties to include a claim for a specific amount of damages, Defendants were charged with "setting forth facts in controversy that support a finding of the jurisdictional minimum." *Id.* Defendants attempted to make such a showing by referring generally to Plaintiff's pre-removal settlement demand of $1 million and the medical records that accompanied that settlement demand. (*See* Doc.

1 at p. 3). The medical records demonstrate that at the time of Plaintiff's settlement demand, Plaintiff had incurred $6,808.96 in medical expenses and anticipated that future medical expenses would amount to $6,310.00. (Doc. 1-1 at pp. 2 – 3).[3]

The Magistrate Judge considered the medical evidence before it and noted Defendants' failure to provide additional information demonstrating other potential damages that might satisfy the amount in controversy requirement, a deficiency that Defendants have still failed to address. It was only after considering all summary judgment like evidence in the record that the Magistrate Judge concluded that Defendants failed to satisfy their burden of proving that Plaintiff's claim might exceed the jurisdictional threshold.[4] Although the Report and Recommendation mentioned that Plaintiff is not a candidate for surgical intervention and explained the potential impact the need for surgery might have on the amount-in-controversy

---

[3] To be clear, Defendants' notice of removal does not at all mention Plaintiff's medical documentation. To support their assertion that the amount in controversy exists, Defendants state the following: "On September 23, 2016, the defendant received a demand from plaintiff in the amount of policy limits which the plaintiff knows are $1 million. While the defendants deny that plaintiff suffered any injury and deny that he is entitled to any damages, it is submitted that the amount in controversy exceeds $75,000.00 because the plaintiff's demand stands at $1 million. As a result, the requisite amount in controversy exists." (Doc. 1 at p. 3).

[4] Defendants cite to several cases which they maintain provide further support for the proposition that the amount in controversy requirement is satisfied in this case, including *Collier v. Benedetto*, 04-1025 (La. App. 5 Cir. 2/15/05), 897 So.2d 775, *Thibodeaux v. GEICO Advantage Ins. Co.*, NO. 16-cv-00158-JWD-EWD, 2016 WL 4055660 at *5 (M.D. La. July 8, 2016), report and recommendation adopted, No. 16-cv-00158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016), and *Duchamp v. State Farm Mut. Auto. Ins. Co.*, 2005-339 (La. App. 3 Cr. 11/2/05), 916 So.2d 498. However, other than offering these cases as having "similar fact patterns" to the case *sub judice* and making the conclusory assertion that they support the proposition that the amount of controversy requirement is satisfied here, Defendants' references to these cases lack any real basis to find that subject matter jurisdiction is present here. Other than identifying "similar injuries" between Plaintiff and the plaintiffs in the cited cases, Defendants have failed to assert meaningful similarities sufficient to warrant a finding that the potential damage award will exceed $75,000.

analysis, the Report did not interpret the absence of a need for surgical intervention as dispositive of the amount-in-controversy question.

Finally, Defendants assert that the Report and Recommendation gives improper effect to Plaintiff's post-remand affidavit, in which Plaintiff stipulated that the amount in controversy does not exceed $75,000.00. (Doc. 16 at p. 2; *see also* Doc. 8-2). Specifically, Defendants argue that because this case does not present facts invoking application of the limited circumstances under which the law of the Fifth Circuit allows a court to consider post-removal affidavits in determining whether the amount in controversy requirement is satisfied, any consideration of Plaintiff's post-removal affidavit is improper. (Doc. 16 at pp. 7 – 8).

As the Report and Recommendation noted, the Fifth Circuit has recognized that a plaintiff's post-removal affidavit or stipulation regarding the amount in controversy may be considered in support of remand only under limited circumstances. Specifically, if a plaintiff's state court pleading is ambiguous as to the amount in controversy, the Court may consider such post-removal submission solely to ascertain whether the jurisdictional minimum was satisfied at the time of removal. *See Gebbia*, 233 F.3d at 883; *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.*, No. 06-7624, 2007 WL 97062, *2 (E.D. La.) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La.) (Engelhardt, J.). If the

5

amount in controversy is clear from the face of the complaint, however, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

The Court finds that, for reasons cited in the Report and Recommendation, the Magistrate Judge properly considered Plaintiff's post-removal affidavit in determining whether the amount-in-controversy requirement was satisfied at the time of removal. Specifically, given the ambiguous nature of Plaintiff's alleged injuries and damages, Plaintiff's assertion that the amount in controversy does not exceed $75,000, the strict construction mandated for the general removal statute, and the principle that doubt as to the propriety of removal is to be resolved in favor of remand, the Court concludes that Defendants have failed to satisfy their burden of demonstrating that the action was properly removed pursuant to 28 U.S.C. § 1441 and § 1332.

Thus, having carefully considered the Petition (Doc. 1-3), the Notice of Removal (Doc. 1), the Motion to Remand (Doc. 5), and other relevant documents, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and hereby **ADOPTS** the findings of fact, conclusions of law, and recommendations therein.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's **Report and Recommendation (Doc. 31)** is **ADOPTED** as the Court's opinion herein.

6

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand (Doc. 5)** is **GRANTED** and this case is **REMANDED** to the 18th Judicial District Court, Parish of Iberville, State of Louisiana.

Baton Rouge, Louisiana, this 23rd day of February, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**